**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.M., <br><br> Plaintiff, <br><br> v. <br><br> TEHACHAPI UNIFIED SCHOOL DISTRICT, et al. <br><br> Defendants. | Case No.: 1:17-cv-01431- LJO - JLT <br><br> ORDER GRANTING THE MOTION TO APPOINT BRENDA MARKHAM AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF K.M. <br><br> (Doc. 32) |

Brenda Markham initiated this action on behalf of the minor plaintiff K.M., her daughter, asserting the defendants have violated several provisions of law, including, but not limited to, the Americans with Disabilities Act, the Rehabilitation Act, and California's Unruh Civil Rights Act. (*See generally* Doc. 6) Ms. Markham seeks to be appointed as the guardian ad litem for K.M. (Doc. 32)

**I.** **Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Because K.M. resides in California, the law of this state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian

1

conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II. Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

K.M. is the eleven-year-old daughter of Brenda Markham (Doc. 32 at 2, Markham Decl. ¶ 1), and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, K.M.'s ability to bring suit is contingent upon the appointment of a guardian ad litem. Upon review of the complaint, it does not appear Ms. Markham has any adverse interests to those of her daughter. In addition, Ms. Markham does not have competing claims with Plaintiff, because K.M. is the only plaintiff in this action, and the only claims are asserted on her behalf. Accordingly, appointment of Ms. Markham as guardian ad litem for her daughter is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Markham has conflicting interests, and as such she may be appointed to represent the interests of her daughter. Therefore, the Court is acting within its discretion to grant the application to be appointed as the guardian ad litem. Thus, the Court **ORDERS**:

1. The motion for appointment of Brenda Markham as guardian ad litem for K.M. (Doc. 32) is **GRANTED**; and

2. Brenda Markham is appointed to act as guardian ad litem for Plaintiff K.M., and is authorized to prosecute this action on her behalf.

IT IS SO ORDERED.

Dated: **July 3, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE