UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M.,<br><br>        Plaintiff,<br><br>        v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01431 NONE JLT<br><br>ORDER AFTER HEARING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER TERMINATING THE MOTION<br>(Doc. 58) |

For months, the parties have disagreed as to the defendant's compliance with the settlement agreement. The plaintiff has repeatedly demanded mediation to work out this disagreement and the defendant has repeatedly refused. The parties have numerous points of disagreement related to whether the defendant has complied with the settlement agreement including: whether the child had been offered appropriate "Lunch Bunch" opportunities, whether all of the staff working with the child have been trained on Google Docs, and whether the defendant has provided Karen Schnee a contract with a maximum value that is sufficient to address the needs of the child and whether it has paid her for all of the services she has provided under the prior contract.

In the documents opposing the plaintiff's motion to enforce the judgment, the defendant take the position that the plaintiff has not demanded mediation because the child had failed to use the terminology outlined in the settlement agreement and has not properly complied with the substance of the agreement related to mediation demands. The Court agrees that it is unclear whether the first

person identified was willing to act in the role requiring he assist in selecting the mediator. However, the argument is disingenuous given the fact that the defendant continually refused mediation and never communicated any change in this position to the plaintiff or that it had selected a person to act for it in the mediation process.

In any event, at the hearing, both parties designated the two people who would select the mediator. For the plaintiff, it is Vickie Rice and for the defendant, it is Dr. Steele. The parties agreed that Ms. Rice and Dr. Steele will make their selection within 10 days. The mediation should complete within 45 days if at all possible. Therefore, the Court **ORDERS**:

1. **Immediately**, the parties will communicate to their designee that they will complete the selection process identifying the mediator by June 15, 2020. Part of this process SHALL be that Ms. Rice and/or Dr. Steele verifies that the person selected agrees to mediate the dispute and is available to take on the mediation expeditiously. If Ms. Rice and Mr. Steele cannot agree on a mediator, within two business days, counsel SHALL contact Judge Larson and request that he select the mediator;

2. Once the mediator is selected, counsel SHALL confer with the mediator to identify the earliest possible date the mediation can occur with the expectation that it will be completed within 45 days, if possible;

3. The motion to enforce the judgment (Doc. 58) is terminated. Plaintiff may reactivate the motion by filing a request with the Court. However, plaintiff may not do so until after counsel completes an informal conference with the assigned magistrate judge and the Court authorizes the reactivation. Indeed, before any further motions are filed by either side, counsel SHALL meet and confer and if this fails to resolve the matter, to confer with the assigned magistrate judge to attempt to resolve the matter without a formal motion.

IT IS SO ORDERED.

Dated:   **June 8, 2020**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE